**Jimmy Reid JACKSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–220–CR.**

Court of Appeals of Texas,
Fort Worth.

July 14, 1982.

Don Marshall Chrestman, Weatherford, for appellant.

298, 302 (Tex.Cr.App.1978) (opinion on State's

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HUGHES, Justice.

A jury found appellant, Jimmy Reid Jackson, guilty of aggravated sexual abuse and assessed his punishment at confinement in the Texas Department of Corrections for a term of 99 years.

We affirm.

Appellant states his sole ground of error as follows: The trial court erred by submitting the offense of aggravated sexual abuse when instructing the jury on the law in this case because there is a fatal variance between the indictment and the proof of the case. For the sake of clarity we set forth the indictment, omitting its formal parts:

> [Appellant] did then and there intentionally and knowingly without the consent of P. T., a female not his spouse, and with intent to arouse and gratify the sexual desire of the said Jimmy Reid Jackson engage in deviate sexual intercourse by then and there intentionally and knowingly placing his genitals in contact with the mouth of the said P. T., and the said Jimmy Reid Jackson did then and there intentionally and knowingly compel the said P. T. to submit and participate by a threat that would prevent resistance by a person of ordinary resolution under the same and similar circumstances because of reasonable fear of harm, and the said Jimmy Reid Jackson did then and there intentionally and knowingly compel the said P. T. to submit to said deviate sexual intercourse by threat of death to be imminently inflicted on the said P. T. (Initials ours).

Appellant urges that the evidence shows that the complaining witness never submitted in any form or fashion. He argues that there is a fatal variance between the

motion for rehearing).

indictment and the proof because the indictment alleged lack of consent to have been a result of compulsion by threat while the proof shows the compulsion was by force.

The testimony shows that appellant forced his penis into the mouth of the complaining witness. Then he said:

> "If you bite me, I'll kill you. Do you hear me, you bitch? If you bite, I'll kill you."

There is no evidence that the complaining witness bit appellant's penis. We hold that the complaining witness submitted to appellant's threats in not using her teeth as an obvious defense to an odious attack upon her person and sensibilities.

We hold that the evidence shows both force and threats. Inasmuch as the complaining witness heeded appellant's threats as to the consequences of her bite, she submitted to threats rather than force. We overrule the ground of error.

We have considered the contentions raised in appellant's *pro se* brief and find them to be without merit.

The judgment of the trial court is affirmed.